**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **MAG. NO. 20-182 (RMM)** |
| : | |
| **ANTHONY GLOVER,** : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (d)(1)(A)(iii), of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

The defendant is charged by indictment with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report.  Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the government intends to immediately proceed to the detention hearing.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

On Wednesday, September 16, 2020, at approximately 6:35 a.m., members of the Metropolitan Police Department (MPD) Narcotics and Special Investigations Division (NSID) Criminal Apprehension Unit (CAU) responded to 880 Southern Avenue Southeast, Apartment 202

2

in Washington, D.C. to check for wanted subjects. The female leaseholder answered the door and explained that the subjects were not present. Officers asked her to look through the apartment, which she consented to. When checking the residence, officers observed an individual, later identified as the defendant, Anthony Glover, sleeping on the bottom bed of a bunk bed in a children's room. Next to the bed in plain view was a firearm loaded with an extended magazine. The firearm was within the reach of the defendant who was alone in the room. Next to the firearm was a pair of sneakers and a cell phone, both belonging to the defendant. The defendant was placed under arrest.

Officer Creamer spoke with the female leaseholder who had answered the door. She stated that the defendant did not live at the residence. She advised that the defendant arrived around 2:00 a.m. and asked to sleep at the residence. She allowed him to and did not see him in possession of a firearm. She stated that her children's room was empty because they were at their father's home. She stated that there were no guns allowed in the home.

The firearm was recovered and determined to be a Glock, model 23, .40 caliber semiautomatic handgun with a serial number of UFE070.  When it was recovered, it was loaded with one (1) round in the chamber and twenty-two (22) rounds in a high capacity magazine.

### B. Weight of the Evidence against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is quite strong. The defendant came to attention of law enforcement during a search for wanted individuals at a residence. The subject firearm was discovered next to where the defendant was sleeping and next to his personal effects. Additionally, the room where the defendant was sleeping, for the night, belonged to two minors and was not

3

frequented by other individuals. At the time it was recovered, the firearm was loaded with one (1) round in the chamber and twenty-two (22) rounds in the large capacity magazine.



*Body worn camera capture, depicting the firearm recovered.*

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of detention. The defendant has the following prior adult convictions:

- Assault with Significant Bodily Injury (Washington, D.C., 2020)

- Carrying a Pistol Without A License, Possession of Cocaine (Washington, D.C., 2020)

Thus, the instant matter constitutes the defendant's second offense involving a firearm as an adult. The government submits that the defendant should not be released.

4

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. Based on the Pretrial Services Agency report, the defendant has a concerning criminal history. Specifically, the facts of the Assault with Significant Bodily Injury case are troubling to the government. In that case, the defendant pled guilty to punching the victim in the face and kicking the victim about the head, causing the victim's head to strike the ground rendering him unconscious. The victim was hospitalized for several days and was diagnosed with a brain bleed.

Additionally, at the time of the charged offense, the defendant was on supervised release in that very same case and will remain on supervision until June 9, 2025.

The defendant's conduct of possessing a loaded firearm, while on supervised release in a violent felony offense is extremely dangerous. A firearm has the potential of causing meaningful bodily injury to innocent members of the community, to include death. Moreover, homicides in the District are up 15% this year, from 2019. Thus, the risk to others is plainly serious. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
N.Y. Bar No. 4444188

By:   /s/ Lisa N. Walters
Lisa N. Walters
D.C. Bar No. 974-492
Assistant United States Attorney
Federal Major Crimes Section
United States Attorney's Office for D.C.
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
E-mail: Lisa.Walters@usdoj.gov
Telephone: (202) 252-7499

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, José German, this 16th day of September 2020.

/s/
Lisa N. Walters
Assistant United States Attorney